THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC, a Utah Limited Liablity Company,<br><br>Plaintiff,<br>v.<br><br>NUTRIANA LLC, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RULE 26(f) CONFERENCE<br><br>Case No. 2:23-cv-634 DAK DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Axcess Global Sciences, LLC, moves the court to compel Defendants to participate in a Rule 26(f) planning conference.[1] The court will deny the motion.

The Complaint in this matter was originally filed in September 2023. Shortly thereafter the parties sought to resolve their dispute via settlement discussions. Those reached an impasse in February 2024. During this time the parties agreed to forego entering a scheduling order, holding a Rule 26(f) scheduling conference, or requiring Defendants to file an Answer. On the day Defendants' response to Plaintiff's Complaint was due, Defendants filed a Partial Motion to Dismiss.[2] That motion is scheduled to be heard by Judge Kimball in approximately a month on May 28, 2024. Defendants argue that whether certain claims are dismissed "will significantly impact what discovery deadlines need to be discussed during a Rule 26(f) conference."[3] This is especially true if the two patent infringement claims are dismissed because then scheduling will not be governed by the Local Patent Rules that have additional requirements.

---

[1] ECF No. 26.

[2] ECF No. 14.

[3] ECF No. 27 p. 2.

Under the Federal Rules, the court has broad discretion to control the timing and sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice."[4] This court has previously denied requests to compel scheduling conferences while dispositive motions were pending.[5] Because Defendants' partial motion to dismiss could potentially simplify this matter, the court concludes that scheduling the commencement of discovery at this point is premature.

Plaintiff's Motion is therefore DENIED.

DATED this 23 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 26(d)(3); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery....") (quotations and citations omitted); *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, No. 1:10-CV-00209, 2011 WL 13136539, at *1 (D. Utah Mar. 1, 2011) ("[U]nder certain circumstances the court may utilize its discretion to alter the timing, sequence, and volume of discovery.") (quotations, citation, and footnote omitted

[5] *See, e.g., Craft Smith, LLC v. EC Design, LLC*, No. 2:16-CV-01235-DB-PMW, 2018 WL 1725465, at *1 (D. Utah Apr. 6, 2018) (staying all discovery in the action pending resolution of a motion to dismiss); *Rupp v. Transcon. Ins. Co.*, No. 2:07-CV-333-TC-PMW, 2008 WL 3193069, at *1-2 (D. Utah Aug. 6, 2008) (denying motion for scheduling conference and concluding that discovery would be premature while dispositive motions were pending).