IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **AXCESS GLOBAL SCIENCES, LLC,**<br><br>   **Plaintiff,**<br><br>vs.<br><br>**NUTRIANA LLC, et. al.,**<br><br>   **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00634-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) [ECF No. 14]. On May 28, 2024, the court held a hearing on the motion. At the hearing, Ched E. Nydegger and Brian N. Platt represented Plaintiff, and Michael K. Erickson represented Defendants. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

## BACKGROUND

Plaintiff Axcess Global Sciences, LLC, is a leader and innovator in the field of dietary supplements focused on exogenous ketones and ketogenic precursors that aid users' bodies in the transition into natural ketosis, which can reduce appetite and help with weight loss. Plaintiff has patent rights in many unique formulations of health supplements containing the ketone beta-hydroxybutyrate ("BHB"), including those claimed in U.S. Patent Numbers 11,241,403 (the "'403 Patent") and 11,020,362 (the "'362 Patent"). The following allegations are taken from Plaintiff's Complaint. [ECF No. 2]. When considering a motion to dismiss, the court must

1

construe a complaint in the light most favorable to the plaintiff, taking all factual allegations contained in the complaint as true. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

Defendants sell a product called Nutriana Keto BHB Advanced Formula ("Nutriana Keto BHB") with a formulation that infringes Plaintiff's exclusive rights in the '362 and '403 Patents. Defendants' marketing and labeling for Nutriana Keto BHB also use Plaintiff's goBHB® trademark without authorization.

Defendants have been engaged in this misconduct for years. The misconduct began with One Family Inc. dba Nutriana, which was controlled by Defendant Jesper, acting as CEO, president, secretary, treasurer, director, member, and manager, selling Nutriana Keto BHB without authorization. After first discovering Defendants' infringements, Plaintiff sought to avoid litigation and resolve the dispute with a Settlement Agreement (the "Agreement"), which it executed with One Family on March 24, 2022. Under this Agreement, One Family was given until June 30, 2022, to sell off any remaining infringing inventory, after which it expressly agreed to stop all sales of goBHB-branded products and any products that infringed Plaintiff's patents.

Defendant Jesper signed the Agreement on behalf of One Family. But shortly thereafter, Jesper began selling Nutriana Keto BHB under a different entity—Defendant Nutriana. Despite expressly contracting not to do so in the Agreement, Jesper, through Nutriana, continued to sell Nutriana Keto BHB bearing Plaintiff's goBHB® mark and using a formula that infringes Plaintiff's patents long after June 30, 2022. Indeed, Jesper continued business as usual under Nutriana, selling the same product under the same name on the same website using the same tradenames, labeling, and advertising as he did under One Family. The only substantive change

to Jesper's business after signing the Agreement is that he stopped selling under One Family Inc. dba Nutriana and started selling under Nutriana LLC.

Plaintiff filed a complaint on September 18, 2023 [ECF No. 2]. Defendants filed this Partial Motion to Dismiss Plaintiff's Complaint, arguing that the court does not have personal jurisdiction over Defendants and that venue is not proper.

## STANDARD OF REVIEW

The law of the Federal Circuit, rather than the Tenth Circuit, governs personal jurisdiction in patent cases. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1335, 1358 (Fed. Cir. 1998). "A court may subject a defendant to judgment only when the defendant has sufficient contacts with the [forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *VZZR Inc. v. TallCastle, Ltd. Liab. Co.*, No. 2:22-cv-00154-TC-DBP, 2023 U.S. Dist. LEXIS 86850, at *6–7 (D. Utah May 12, 2023). The plaintiff bears the burden to establish minimum contacts. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 13505 (Fed. Cir. 2003). Personal jurisdiction exists if the court has general or specific jurisdiction. *See Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1993).

However, improper venue and lack of personal jurisdiction are waivable defenses. *See Biomedical Pat. Mgmt. Corp. v. California, Dep't of Health Servs.*, 505 F.3d 1328, 1340 (Fed. Cir. 2007). If contested by a defendant, the plaintiff has the burden to show personal jurisdiction. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). At this stage of litigation, where there has been no evidentiary hearing, "the plaintiff need only make a prima facie showing" that jurisdiction and venue exist. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Pierce v. Shorty Small's of Branson*, 137 F.3d 1190, 1192 (10th Cir.

1998). In cases involving contracts, "[f]orum selection clauses are prima facie valid." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992); *Waste Servs., LLC v. Red Oak Sanitation Inc.*, No. 2:08-cv-417-DS, 2008 WL 2856459, at *1 (D. Utah July 23., 2008).

## DISCUSSION

Although a forum selection clause by itself is "not sufficient to confer personal jurisdiction over a defendant as a matter of law, such clauses do create a presumption in favor of jurisdiction and will be upheld as fair and reasonable so long as there is a rational nexus between the forum selected . . . and either the parties to the contract or the transactions that are the subject matter of the contract." *Phone Directories Co. v. Henderson*, 2000 UT 64, ¶ 14, 8 P.3d 256 (Sup. Ct.). Utah precedent holds that "***one*** party's connection to Utah [can] be sufficient to satisfy the rational nexus inquiry" so long as it is "rational" and more than "the mere presence of a post office box." *Jacobsen Const. Co. v. Teton Builders*, 2005 UT 4, ¶ 43, 106 P.3d 719, 728 (emphasis added). In *Jacobsen*, the court upheld a forum selection clause, explaining that "the rational nexus test is satisfied because [the plaintiff's] primary place of business is in Utah." *Id.* at ¶ 43. Here, Plaintiff is a Utah company that conducts business from its principal place of business in Utah. Thus, the rational nexus test is satisfied and the forum selection clause in the Agreement is enforceable.

Furthermore, both Jesper and Nutriana are bound by the Agreement and the forum selection clause it contains. Not only did Jesper sign the Agreement, but both Defendants are clearly "Affiliates" of One Family as expressly defined in the Agreement:

> "Affiliate" means with respect to either party, any present of future parent corporation, sister corporation, or subsidiary corporation, including any corporation under common ownership and control with either party. With regard to Seller, this definition includes

any party that participates in any financial arrangements or receives any proceeds from the sale of any accused products containing BHB."

ECF No. 2, at Ex. E, ¶ 1.1.

Jesper and Nutriana meet this definition for two separate reasons: (1) they are "under common ownership and control" with One Family, and (2) they both participate in financial arrangements and/or receive proceeds from the sale of BHB products that infringe the '362 Patent as prohibited by the Agreement.

For these reasons, the forum selection clause in the Agreement is valid and enforceable. Thus, jurisdiction and venue are proper.

## CONCLUSION

For the reasons discussed, the court DENIES Defendants' Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

DATED this 20th day of June 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge